PER CURIAM.
Frederick Lee Brown challenges the trial court’s denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. One of the issues he raises does not appear to be conclusively refuted by the record before us and accordingly we reverse for additional attachments or for an evidentiary hearing.
His sentencing guideline seoresheet recommended a sentence of 15.24 months while in fact he pleaded no contest with the understanding that he would receive an upward departure sentence of seven years’ state prison. In his motion attacking the sentence he ássails his trial counsel for persuading him to agree to a dramatic upward departure sentence for which, he suggests, he would not have qualified absent his plea agreement. In response thereto, the trial court referenced a number of felonies which were scored as prior offenses instead of additional offenses at conviction, and concluded that it is not clear from the record that a departure sentence was in fact imposed. Were these offenses scored instead as additional offenses, his recommended sentence would increase from 15.24 to 17.54 months, still dramatically less time than that to which he agreed in his plea.
He alleges that counsel’s encouragement to accept this offer amounts to ineffective assistance. We have no transcript of the plea colloquy or other documentation which might suggest the reasons to accept such a harsh sentence. We are inclined to agree that a departure sentence more than five times as severe as the recommended sentence raises a question demanding an answer. While it is possible to imagine extreme factors which would support the advice Brown alleges counsel provided to him, we are not satisfied that his claim is facially insufficient. Brown’s assertion that counsel’s performance lay outside the broad range of reasonable competence under prevailing professional standards requires record attachments supporting counsel’s alleged endorsement of this unusual plea arrangement. Strickland v. Washington, 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). If such documents do not exist, the trial court must conduct an evidentiary hearing.
The balance of Brown’s claims are without merit.
Further review of any subsequent order of the trial court must be sought by Brown within thirty days of its rendition.
Affirmed in part, reversed in part, and remanded.
FRANK, AC.J., and BLUE and FULMER, JJ., concur.